**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DARIUS HEIMER GITTENS,

          Plaintiff,

          v.

RYAN PEPPER, et al.,

          Defendants.

Civil Action No. 23-17721 (MAS) (JTQ)

**OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Darius Gittens's ("Plaintiff") amended complaint. (ECF No. 11-1, 18.)[1] As Plaintiff was previously granted *in forma pauperis* status, this Court is required to screen Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's amended complaint shall be dismissed without prejudice in its entirety as his federal claims fail to state a claim upon which relief may be granted and this Court declines supplemental jurisdiction over Plaintiff's state law claims.

## I.     BACKGROUND

Plaintiff is a convicted state prisoner currently imprisoned in New Jersey State Prison. (ECF No. 11-1 at 3.) In October 2019, Plaintiff was transferred to Bayside State Prison and

---

[1] Plaintiff filed his amended complaint initially as part of his motion seeking leave to amend. (ECF No. 11-1.) When this Court granted that motion, the amended complaint was refiled as a separate docket entry. (ECF No. 18.) The two filings are identical.

assigned to a bottom bunk in a cell in Housing Unit B. (*Id.* at 13.) Plaintiff found this bunk uncomfortable as there was not enough room in his bed for him to fully sit up in the bed and he did not initially receive a pillow or a personal light. (*Id.*) According to Plaintiff, his new cellmate told him that he thought Unit B was used to house problem inmates, and that those who complained would be punished. (*Id.*) Plaintiff started keeping a diary of things that occurred to him. (*Id.*) Plaintiff alleges that various unspecified wrongs were done to him, about which he filed various grievances. (*Id.*)

Less than two weeks after arriving, Plaintiff was transferred to a new housing unit. (*Id.* at 14.) Plaintiff alleges that air filters in this unit were dirty, bathroom floors were rotten, and fire exits were locked. (*Id.*) Plaintiff also alleges that unspecified officers were "stealing" cable from the unit for a private television. (*Id.*) Plaintiff alleges that on December 3, 2019, Defendants Lawson and Miglio stole some of Plaintiff's mail. (*Id.* at 15.) Defendants Ng and Pepper thereafter stole and destroyed Plaintiff's diary. (*Id.* at 14.) Plaintiff was then moved to another prison on December 18, 2019. (*Id.* at 15.) Plaintiff complained about various conditions he faced, but received no response he found satisfactory. (*Id.*)

Following a disciplinary placement and another transfer in early 2020, Plaintiff was provided his property from his prior cell, but large swaths of his records and other property were missing. (*Id.*) Plaintiff asserts that he learned that Defendant Ng was the officer who packed his property, and thus believes Ng was responsible for stealing or destroying his property. (*Id.*) Plaintiff sent a letter to state officials requesting investigations of his complaints, but initially received no response. (*Id.* at 15-16.) The state officials eventually responded, telling Plaintiff his complaints were outside of their jurisdiction. (*Id.* at 16.)

On April 10, 2020, Defendant Kovacs took a document from Plaintiff's cell that contained a list of employees of New Jersey State Prison. (*Id.* at 17.) Plaintiff alleges that this seizure was

improper as Plaintiff had permission to possess the record, and was given a confiscation receipt. (*Id.*) Plaintiff alleges that Kovacs told him that the seizure had been approved by his sergeant, a lieutenant, and Major Sears. (*Id.*) Plaintiff filed a property claim regarding the loss, but did not receive relief from that complaint. (*Id.*)

In addition to these allegations, Plaintiff asserts, in conclusory fashion, that all of his transfers and the thefts of his property are retaliatory in nature. (*Id.* at 18-19.) Plaintiff further alleges that he was subjected to various false or trumped-up disciplinary charges, but his amended complaint contains no relevant facts other than mere conclusory allegations to support any claim that these proceedings violated his rights. (*Id.* at 19-20.) Plaintiff also briefly mentions being denied kosher food for 93 days by unspecified employees of New Jersey State Prison. (*Id.* at 22.) Plaintiff does not allege that this denial is ongoing, and states that it only occurred at New Jersey State Prison, in which he is no longer housed. (*Id.*)

## II.    **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen Plaintiff's amended complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal

conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.    DISCUSSION

In his first claim, Plaintiff asserts that he was subjected to unconstitutional conditions of confinement upon his arrival at Bayside State Prison. According to Plaintiff, his bed had only 28 inches of head clearance, which rendered him incapable of sitting fully up, and his cell was not amply lit. Plaintiff was told by his cellmate that these conditions were used as punishment for problem inmates. Plaintiff remained in this cell for approximately two weeks before being transferred. Although the Eighth Amendment forbids cruel and unusual punishment and therefore prohibits prison officials from subjecting inmates to inhumane conditions, it "does not mandate

comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To plead an Eighth Amendment claim based on unduly punitive conditions of confinement, a plaintiff must plead facts indicating that the defendants subjected him to "objectively, sufficiently serious" conditions which resulted in the "denial of the minimal civilized measure of life's necessities," and that the prison official's actions indicate that he was "deliberate[ly] indifferen[t] to [the plaintiff's] health or safety" in imposing those conditions. *See Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020) (quoting *Farmer*, 511 U.S. at 834). Being confined to a cramped cell, which required Plaintiff to hunch or slump to sit on his bed in dim lighting, was no doubt uncomfortable. Plaintiff's approximately two-week stay in that cell, however, was of relatively short duration. The Court, consequently, finds that Plaintiff's allegations are not sufficiently serious to plead a plausible claim for relief under the Eighth Amendment. Likewise, Plaintiff does not plead adequate facts related to the cramped cell to permit the Court to infer any of the named Defendants were deliberately indifferent, rather than unaware of, the cramped bunk issue. Plaintiff's conditions of confinement claim as to that cell is therefore dismissed without prejudice.

Plaintiff raises a similar claim related to his placement in another cell with limited head clearance of 28 inches while some cells had seven to nine inches of greater clearance for a bottom bunk. This cell, however, did have adequate lighting and lacked the other negative features of Plaintiff's first cell. Although this condition was certainly uncomfortable to Plaintiff, Plaintiff's placement in this bottom bunk with limited clearance was the result of his own medical restriction requiring a bottom bunk placement. Here, Plaintiff has not pled sufficient facts to show that his temporary placement in this cell in the late winter of 2019[2] was so severe that it amounted to the

---

[2] It is not entirely clear from the amended complaint, but it appears that Plaintiff was housed in this cell for less than a month in late 2019.

denial of the minimal civilized measure of life's necessities.  Plaintiff's conditions of confinement claim based on this placement is therefore also dismissed without prejudice at this time.

Plaintiff next alleges that he suffered further unconstitutional conditions of confinement when he was placed in a trailer unit that had clogged air filters, had its cable TV misused by guards, had "rotten" bathroom floors, and had locked fire exits, where he remained for two months.  Even assuming that this combination of conditions was so severe as to support an Eighth Amendment conditions of confinement claim, Plaintiff fails to allege facts specifying which Defendants were aware of or involved in creating these conditions, nor does he allege which Defendants failed to take action to correct the issues once brought to their attention.  Without allegations of which Defendants were specifically aware of these issues and failed to correct them, Plaintiff cannot show that any specific Defendant was deliberately indifferent to these conditions sufficient to support a claim for relief.  This claim is therefore dismissed without prejudice.

Plaintiff also alleges that in January 2020, he was placed in disciplinary housing for ten days "without lawful purpose and without due process of law."  (ECF No. 1 at 21.)  The placement in punitive housing for a brief period, including solitary confinement, however, is insufficient to state a claim for relief under the Due Process clause.  *See, e.g.*, *Sandin v. Conner*, 515 U.S. 472, 485-86 (1995).  Plaintiff's claim based on this placement must therefore be dismissed without prejudice for failure to state a plausible claim for relief.

In a number of other claims, Plaintiff attempts to reframe every wrong he suffered in prison—from prison transfers, cell movements, property losses and thefts, to allegedly improper disciplinary proceedings—as retaliatory in nature.  "In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action."

*Thomas v. Independence Township*, 463 F.3d 285, 296 (3d Cir. 2006).  Although Plaintiff alleges that a good number of actions against him were retaliatory in nature, his amended complaint provides only conclusory allegations that any of these actions were made in response to Plaintiff engaging in protected conduct.  Indeed, Plaintiff provides a single paragraph, which itself is an example of impermissible group pleading, in which he alleges that all Defendants either retaliated against him or were aware of retaliation and that this retaliation was at least at times a result of various unspecified complaints filed between December 2019 and May 2021.  (ECF No. 18 at 15.) *See Cheng v. Byrd*, No. 24-5345, 2024 WL 3873945, at *2 (D.N.J. Aug. 20, 2024) (civil rights plaintiff cannot state a claim for relief based on personal involvement by alleging defendants' responsibility on a group basis without specifying the individual actions of the defendants). Plaintiff does not attempt to connect the individual events of alleged retaliation to specific complaints, nor does he in all instances even specify which Defendants were responsible for which instances, nor does he allege an actual conspiracy through allegations of agreement and concerted action.  *See, e.g.*, *Desposito v. New Jersey*, No. 14-1641, 2015 WL 2131073, at *14 (D.N.J. May 5, 2015).  As Plaintiff has only provided conclusory allegations as to the causal connection between the alleged retaliatory conduct and his protected activities, his retaliation claims, other than the claim proceeded by Judge Kugler in Docket No. 21-17348 related to the transfer to Bayside State Prison, are dismissed without prejudice.  To the extent Plaintiff seeks to reraise these claims through an amended complaint, he must plead specific facts setting forth each Defendant's personal involvement as to each alleged retaliatory incident, and specific facts permitting an inference that the alleged retaliatory conduct was causally connected to Plaintiff's protected activities.

Plaintiff further asserts that various Defendants stole, misplaced, destroyed, or otherwise deprived Plaintiff of pieces of his property without legal, administrative, or disciplinary

authorization. "[W]here a state actor deprives an individual of property without authorization, either intentionally or negligently, that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post deprivation remedy for the loss is available. *See Hudson v. Palmer*, [468 U.S. 517, 530-36] (1984); *Parratt v. Taylor*, [451 U.S. 527, 543-44] (1981), *overruled in part on other grounds*, *Daniels v. Williams*, [474 U.S. 327] (1986)." *Love v. N.J. Dep't of Corr.*, No. 14-5629, 2015 WL 2226015, at *5 (D.N.J. May 12, 2015). The State of New Jersey provides prisoners with viable post-deprivation remedies in the form of both the New Jersey Tort Claims Act and the state prison inmate grievance system. *Id.*; *see also Pressley v. Huber*, 562 F. App'x 67, 70 (3d Cir. 2014). Here, Plaintiff alleges that he has filed grievances on the issue. Although these grievances and other complaints Plaintiff has filed have not borne fruit, Plaintiff clearly has access to a remedy system where he may raise his claims, and the theft or loss of his property therefore does not support a Due Process claim.[3]

In his remaining § 1983 claims, Plaintiff asserts that numerous DOC employees denied him Due Process in relation to prison disciplinary proceedings, either by filing false charges, limiting his presentation of evidence and witnesses, or by denying him access to a polygraph. Plaintiff, however, does not detail the nature of these proceedings, the charges involved, or the

---

[3] Plaintiff briefly alleges in relation to one specific theft that the Department of Treasury has not responded to Plaintiff's Tort Claims Act filings, and that a state court judge in Cumberland County has not allowed Plaintiff to file a civil action against the State of New Jersey. (*See* ECF No. 18 at 19.) It is not clear why Plaintiff has been unable to file a claim in state court, although if the only named Defendant is the State of New Jersey, the issue may be one related to sovereign immunity. In any event, Plaintiff has not alleged that he has been deprived of access to the prison grievance system or property claim system as a result of the alleged seizures, and thus his complaint currently fails to state a claim for relief as some remedy does remain to him. To the extent that Plaintiff wishes to reraise these claims in an amended complaint, he should detail *why* the state court has declined his filings to the extent he believes this deprives him of any remedy, and to what extent he has been denied access to the prison remedy system. That Plaintiff has proven unsuccessful in obtaining relief does not amount to a violation. It is only the absence of a functional remedy system that could support a claim for relief.

punishment imposed. "[T]he act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights." *Poole v. Mercer Cnty. Corr. Ctr.*, No. 11-3730, 2012 WL 694689, at *2 (D.N.J. Feb. 29, 2012); *see also Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 36 (3d Cir. 2010). It is instead only when a prisoner is denied Due Process in a disciplinary hearing stemming from such charges that there is a violation of rights. *Id.* To be entitled to Due Process at a disciplinary hearing, however, a plaintiff must allege that he was deprived of a protected liberty or property interest. *See Iwanicki v. Pa. Dep't of Corr.*, 582 F. App'x 75, 80 (3d Cir. 2014). Prisoners generally only have liberty interests in "freedom from restraint that imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life," *id.*, or in being deprived of already earned good time credits. *See Denny v. Schultz*, 708 F.3d 140, 143 (3d Cir. 2013). Plaintiff has not alleged that either occurred because of these alleged improper disciplinary proceedings. Without allegations that Plaintiff was either deprived of earned good conduct credits,[4] or was subjected to punishments which were atypical in relation to ordinary prison life, Plaintiff cannot show that he was deprived of a liberty interest sufficient to warrant Due Process protections. Plaintiff's disciplinary related due process claims are therefore dismissed without prejudice as Plaintiff has failed to adequately allege that he was deprived of a protected liberty interest.

In addition to his § 1983 claims, Plaintiff also attempts to assert civil rights conspiracy claims under §§ 1985 and 1986. Such claims, however, require a conspiracy to violate a plaintiff's civil rights based on race or protected-class-based discriminatory animus. *See, e.g.*, *Kokinda v. Pa. Dep't of Corr.*, 779 F. App'x 944, 949-50 (3d Cir. 2019). Even putting aside that Plaintiff

---

[4] The Court further notes that, to the extent Plaintiff was deprived of good conduct time or other earned credits towards early release, this Court could not consider his claim in a civil rights action unless and until Plaintiff has had the underlying disciplinary proceedings overturned. *See, e.g.*, *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

asserts only a conclusory allegation of conspiracy, as he has not alleged that he was discriminated against on account of his membership in a protected class, he fails to state a claim under either statute. *Id.*

Plaintiff also alleges that his being confined in cramped cells with inadequate headroom qualifies as a violation of the Americans with Disabilities Act ("ADA") in light of unspecified "pre-existing medical conditions" which Plaintiff alleges in conclusory fashion were known to at least some of the defendants at Bayside State Prison. To state a claim under the ADA, "[a plaintiff] must allege that he is a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability." *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 288-89 (3d Cir. 2019). To make out a claim for damages under the Act, such as the one Plaintiff raises here, he must also show intentional discrimination under a deliberate indifference standard on the basis of his disability. *Id.* at 289. Although Plaintiff alleges he had some pre-existing medical conditions, he does not allege what they are, or how they qualify him as having a disability. Nor does Plaintiff allege intentional discrimination based on his disability. Instead, Plaintiff alleges he was placed into the conditions in question in retaliation for completely separate acts unrelated to his unspecified medical conditions. Plaintiff's ADA claim must therefore be dismissed without prejudice at this time as a result.

Plaintiff next asserts that at least some Defendants committed a Civil RICO violation in allegedly stealing documents and books from him during his prison stay. A civil RICO claim, however, requires allegations indicating that the defendants performed conduct as an enterprise which harmed a plaintiff's business or property through a pattern of racketeering activity including at least two overt acts of racketeering. *Parness v. Christie*, No. 15-3505, 2015 WL 4997430, at *6-8 (D.N.J. Aug. 19, 2015). Theft allegations "do not constitute predicate acts." *See Marangos*

*v. Swett*, 341 F. App'x 752, 756-57 (3d Cir. 2009). As Plaintiff relies solely on acts of theft of his personal and intellectual property,[5] he fails to allege a sufficient pattern of racketeering activity to support his RICO claim. That claim is therefore dismissed without prejudice.

In his final federal claim, Plaintiff attempts to assert a claim under RLUIPA for having been denied a kosher diet for three months during his time at New Jersey State Prison, in which he is no longer housed. Putting aside that Plaintiff does not identify who was involved in this alleged denial or why it occurred, RLUIPA, which is aimed at ensuring prisoners have the right to pursue their sincerely held religious beliefs, does not generally permit monetary damages. *See, e.g.*, *Banks v. Sec'y Pa. Dep't of Corr.*, 601 F. App'x 101, 103-04 (3d Cir. 2015); *see also Sharp v. Johnson*, 669 F.3d 144, 154 (3d Cir. 2012). Claims under RLUIPA instead permit prisoners to seek injunctive relief to put an end to violative prison conditions; such claims, however, become moot upon a transfer to a new prison where those conditions are not ongoing. *Banks*, 601 F. App'x at 103-04. Plaintiff's RLUIPA claim targets only an already completed event, the three-month denial of kosher meals. That denial is not ongoing, and Plaintiff has, in any event, been moved to a new prison. Plaintiff's RLUIPA claim as currently pled is, therefore, moot and must be dismissed as such. *Id.*

Plaintiff also attempts to raise this claim under the First Amendment through a § 1983 claim. In so doing, Plaintiff alleges only that, while at New Jersey State Prison, unspecified Defendants denied Plaintiff kosher food. Plaintiff does not allege which Defendants were allegedly involved in this event, nor describe the events leading up to it. Plaintiff likewise does

---

[5] Although the theft of trade secrets may serve as a predicate act, *see* 18 U.S.C. § 1961(1), Plaintiff does not assert that any of his materials qualified as trade secrets, and from his description of the documents in question, it does not appear that he could do so. The Court further notes that Plaintiff provides little more than a conclusory allegation of conspiracy, and does not allege facts to show that the thefts were in service to a criminal enterprise, both of which would also require this Court to dismiss the Civil RICO claim.

not allege that he was deprived of religiously acceptable alternatives such as a vegetarian option. Even if this claim could be construed to plead an actionable First Amendment violation, Plaintiff's failure to allege which Defendants had personal involvement in the decision to deny him kosher meals prevents him from pleading a plausible claim for relief. *See, e.g.*, *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (plaintiff must plead facts showing personal involvement of defendants in a civil rights action). Plaintiff's First Amendment claim is therefore dismissed without prejudice at this time. As this Court dismisses all of Plaintiff's federal claims over which it has original jurisdiction, the Court will decline supplemental jurisdiction over Plaintiff's additional state law claims. *See* 28 U.S.C. § 1367(c)(3).

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 11-1, 18) is **DISMISSED WITHOUT PREJUDICE** in its entirety. Plaintiff is granted leave to file a second amended complaint within thirty days. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE